UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                           CASE NO. 4:22-CR-00032-BSM-1

THOMAS E. MILLER, JR.                                               DEFENDANT

## ORDER

Thomas Miller's motion to suppress evidence obtained from the search and seizure of his person and vehicle [Doc. No. 32] is denied.

Miller was apprehended after a police officer entered the license plate number of the vehicle Miller was driving into a police database, which revealed that Miller had an active arrest warrant pending. This was not a search under the Fourth Amendment because police officers are permitted to identify vehicles "by conducting a background check on the car's license plates." *United States v. Cowan*, 674 F.3d 947, 955 (8th Cir. 2012); *see also United States v. Sparks*, 37 F. App'x 826, 829 (8th Cir. 2002)("[N]o person possesses a privacy interest in their license plate.").

Once the license plate check revealed an active arrest warrant for Miller and the police officer confirmed Miller's identity by calling his name and observing him turn around, probable cause existed to arrest Miller. *Wood v. Wooten*, 986 F.3d 1079, 1081 (8th Cir. 2021)("A valid bench warrant provides probable cause for an arrest."). The subsequent search of Miller's person was valid as both incident to his arrest and pursuant to the search waiver Miller signed as a condition of his probation/parole.

The search of the vehicle Miller was operating was justified by Miller's search waiver and probable cause. The search waiver applied to Miller's "motor vehicle," and while the vehicle was not registered to Miller, he was the one driving it and therefore the officers had authority to search it. *United States v. Eldridge*, 984 F.2d 943, 948 (8th Cir. 1993). Additionally, the police officers had probable cause to search the vehicle after observing Miller's nervous behavior, finding the baggies and a substantial amount of cash on his person, and smelling marijuana on him. *See United States v. Cortez-Palomino*, 438 F.3d 910, 913 (8th Cir. 2006)(holding that probable cause to search a vehicle exists when "there is a fair probability that contraband or evidence of a crime will be found" in it)(citation omitted).

Finally, Miller does not assert that his *Miranda* waiver was invalid or that any of his statements to police were involuntary. The written waiver and interview video recording indicate that Miller knowingly and voluntarily waived his *Miranda* rights prior to his statements to police while in custody.

IT IS SO ORDERED this 29th day of August, 2023.

_Brian S. Miller_
UNITED STATES DISTRICT JUDGE